UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA PAPIA,<br><br>  Plaintiff,<br><br>v.<br><br>COUNTY OF MARIN, et al.,<br><br>  Defendants. | Case No. 24-cv-06769-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 17. |

Plaintiff sues the County of Marin (the "County"), Marin County Sheriff's Office, Sheriff Jamie Scardina, County of Marin Department of Health and Human Services, Anthony Baylacq, and Doe Defendants for the death of Plaintiff's son, Dylan Baylacq ("Mr. Baylacq"), while in custody at the Marin County Jail.[1]  (Dkt. No. 5.)[2]  Plaintiff brings claims under both 42 U.S.C. § 1983, and California state law.  (*Id*. at 12-26.)  The County and Sheriff Scardina move to dismiss the complaint on the grounds Plaintiff fails to state a claim for relief for her Section 1983 claims, and because Defendants are immune from liability under the state law claims.  (Dkt. No. 17.)  After carefully considering the parties' written submissions, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the March 12, 2025 hearing, and GRANTS Defendants' motion with leave to amend.

**1. Plaintiff Fails to Plausibly State a *Monell* Claim**

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs. Of the City of New York*, 436 U.S. 658, 694 (1978)).  "Official

---

[1] Anthony Baylacq, Mr. Baylacq's father, is a named Defendant pursuant to California Code of Civil Procedure § 382.  (Dkt. No. 5. at 4.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking
2  officials, and practices so persistent and widespread as to practically have the force of law."
3  *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

The complaint alleges "[b]y policy and procedure, and practice, Defendants placed [Mr. Baylacq] in a position of vulnerability and danger" but does not allege facts supporting a plausible inference there was any such policy or procedure nor any facts supporting a plausible inference of a persistent and widespread practice. (Dkt. No. 5 ¶ 45.) In opposing Defendants' motion to dismiss, Plaintiff identifies several facts that are not alleged in the complaint. (Dkt. No. 24 at 3-8.) However, "[i]n determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (citations omitted). When the opposition's newly alleged facts are not considered, Plaintiff fails to allege more than a "formulaic recitation of a cause of action's elements," because she does not plausibly allege any policy or procedure nor a widespread or persistent practice. *Dougherty*, 654 F.3d at 900-901.

So, Plaintiff's claims 1-5 are DISMISSED with leave to amend.[3]

**2. Plaintiff Fails to State a Supervisory Liability Claim Against Sheriff Scardina**

"A supervisory official may be held liable under § 1983 only 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018) (quoting *Starr v. Bacca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). Therefore, allegations that a supervisor merely "knew or should have known" about alleged constitutional violations are insufficient to state a claim against a supervisor. *See Lapachet v. Cal. Forensic Med. Grp., Inc.*, 313 F. Supp. 3d 1183, 1194 (E.D. Cal. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

---

[3] The § 1983 claims brought against Sheriff Scardina in his official capacity are duplicative of claims brought against the County. *See Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself.").

2

Plaintiff alleges Sheriff Scardina "directed his or her subordinates in conduct that violated [Mr. Baylacq's] rights," but does not allege facts that support a plausible inference of his personal involvement or a sufficient causal connection between Sheriff Scardina's alleged wrongful conduct and the alleged constitutional violation. (Dkt. No. 5. ¶ 61.) Plaintiff does not allege Sheriff Scardina was present when Mr. Baylacq was booked, or that he was involved in the decision to place Mr. Baylacq in the special housing unit instead of a suicide resistant safety cell. Further, Plaintiff does not allege facts that support a plausible inference of a causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Mitchell v. Cty. of Contra Costa*, 21-cv-05014-DMR, 2022 WL 526161, at *7 (N.D. Cal. Feb. 22, 2022) (dismissing supervisory liability claim when the plaintiff alleged the supervising defendants "either directed his or her subordinates in conduct that violated Plaintiff's rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff of rights. . . ."); *Arteaga v. City of Oakley*, 19-cv-05725-JCS, 2020 WL 511876, at *2, 7-8 (N.D. Cal. Jan. 31, 2020) (dismissing supervisory liability claim supported by similar allegations).

Because Plaintiff does not plead sufficient facts to state a viable claim against Sheriff Scardina, her supervisory liability claim is DISMISSED with leave to amend.

### 3. Plaintiff's State Law Claims

Until Plaintiff pleads valid federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and need not address their sufficiency at this time. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3)); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, …"). Should Plaintiff satisfactorily allege federal claims in her amended complaint, the Court will consider Defendants' state-law immunity argument.

**CONCLUSION**

Because Plaintiff fails to allege sufficient facts to plausibly support her § 1983 claims, the First Amended Complaint is DISMISSED with leave to amend. Any further amended complaint shall be filed no later than March 31, 2025.

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: March 11, 2025

JACQUELINE SCOTT CORLEY
United States District Judge